ALAN BOWMAN
**TERRITORIAL LAW, L.L.C.**
Arizona Bar No. 006134
113 West Giss Parkway
Yuma, AZ 85364
Telephone: (928) 783-8879
Fax: (928) 329-1816
Email: abowman@territoriallaw.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charmaine Ciancio and Timothy Ciancio, a married couple, | CASE NO. |
| Plaintiffs, | COMPLAINT |
| vs. | (Federal Tort Claims Act) |
| United States of America, | |
| Defendant. | |

For their Complaint, Plaintiffs allege as follows by and through undersigned counsel:

1. At all times relevant herein, Plaintiff Charmaine Ciancio and Plaintiff Timothy Ciancio were married and residents of Yuma County, Arizona.

2. This action arises under 28 U.S.C. § 2671 *et. seq.*, the Federal Tort Claims Act, and jurisdiction for this action arises under 28 U.S.C. § 1402(B) because all acts referred to herein occurred within the District of Arizona.

Complaint (Ciancio) - 1

3. Defendant through its agents/employees have caused acts or events to occur within the State of Arizona, which acts or events form the basis for the cause of action set forth herein.

4. Defendant is responsible for the negligent acts and/or omissions of its agents and employees, including all active duty service members, under the doctrine of *respondeat superior* and/or pursuant to 28 U.S.C. § 1346.

5. The amount in controversy in this matter exceeds the minimum jurisdictional amount required for this Court's jurisdiction.

6. Plaintiffs have provided Defendant with a proper and timely notice of their claims pursuant to the provisions of 28 C.F.R. Part 14 and/or 28 U.S.C. § 2675.

7. The forgoing claims have been denied and this action has been timely filed in accordance with the Federal Tort Claims Act.

8. On or about October 18, 2019, Plaintiff Charmaine Ciancio was riding her mule on the north shoulder of County 14th Street in Wellton, in the County of Yuma, State of Arizona when a military vehicle driven by an unidentified service member and employee and/or agent of Defendants approached her, heading westbound, at a high rate of speed. The service member did not slow down or move over and, as he passed, the vehicle sprayed gravel from the shoulder of the road into the mule. This caused the mule to spook and bolt and Plaintiff was thrown to the road.

9. The above-mentioned incident was caused by the careless, negligent, and unlawful acts and/or omissions of the unidentified service member, who is

Complaint (Ciancio) - 2

believed to be a United State Marine, who was in control, operation, and use of a vehicle owned by Defendant.

10. Defendant's agent and/or employee violated Arizona Revised Statute § 28-858, which requires a person operating a motor vehicle to approach horses and/or livestock on a public highway with reasonable caution so as to prevent frightening the animal and to safeguard the animal and the persons riding or driving the animal.  If the animal appears frightened, the person controlling the vehicle is further required to reduce its speed and not proceed further toward the animal, unless necessary to avoid an accident or injury, until the animal is under control.

11. As a direct and proximate result of the careless, negligent, and unlawful acts and/or omissions of this service member, acting within the course and scope of his or her employment for Defendant, Plaintiff was injured.

12. Defendant, as a matter of policy and practice, has negligently failed to adequately train, supervise, and/or instruct its employees while operating their vehicles in the course and scope of employment.

13. That as a direct and proximate result of the negligent acts of the Defendant, Plaintiff Charmaine Ciancio suffered injuries and continues to suffer pain, discomfort, and limitations and will continue to suffer pain, discomfort, and limitations relating to her injuries in the future.

Complaint (Ciancio) - 3

14. That as a direct and proximate result of said incident, Plaintiffs have incurred expenses in connection with medical care and treatment for their injuries and may incur future medical expenses in connection therewith.

15. As a direct and proximate result of the negligence of the Defendant, Plaintiff incurred a loss of income and may have their earning capacity impaired.

16. As a direct and proximate result of said incident, Plaintiff has incurred general damages arising out of the pain, suffering, and disability caused to her body.

17. As a direct and proximate result of said incident, Plaintiff has incurred general damages arising out of the damage to Plaintiff's property.

18. As a further proximate result of the conduct of the Defendant, and of Plaintiff Charmaine Ciancio's resulting injuries, Plaintiff Timothy Ciancio has been deprived of the services of his said wife by reason of her inability to carry on her usual duties.  Plaintiffs are informed and believe, and thereon allege, that said injuries are of a permanent nature and that Plaintiff will be deprived of her services in the future, all to his further damage in an amount that will be determined at time of trial.

19. WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

   A. For Plaintiffs' general damages;

   B. For Plaintiffs' lost wages and diminution of her earning capacities;

   C. For Plaintiffs' costs incurred herein; and

   D. For such other and further relief as this Court may deem just and proper under the circumstances.

DATED this 29th day of December, 2021.


                    **TERRITORIAL LAW, L.L.C.**


                By: */s/ Alan Bowman*
                     ALAN BOWMAN
                     *Attorneys for Plaintiff*

Complaint (Ciancio) - 5